UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAZEN SULAIMAN OJAYMI,

    Plaintiff,

v.                                                    CASE NO. 8:22-cv-2842-SDM-SPF

NIEVES CARDINALE, et al.,

    Defendants.
_____/

**ORDER**

Challenging his arrest, detention (in Pinellas County, Florida, and in Baker County, Florida), and release on bail pending a removal proceeding, Mazen Sulaiman Ojaymi applies (Doc. 5) for a writ of habeas corpus against (1) Nieves Cardinale, the Tampa Field Office Director for the United States Citizenship and Immigration Services (USCIS); (2) Bob Gaultieri, the Sheriff of Pinellas County; (3) Scotty Rhoden, the Sheriff of Baker County;[1] (4) the unnamed Miami Field Office Director of Enforcement and Removal Operations for Immigration and Customs Enforcement (ICE); and (5) the United States Attorney General. Ojaymi moves (Doc. 36) for a case management conference, and the Attorney General moves (Doc. 38) to dismiss the action.

---

[1] Ojaymi dismisses without prejudice the claim against Rhoden. (Doc. 32)

On October 19, 2017, USCIS granted Ojaymi, a national and citizen (or subject) of the Kingdon of Saudi Arabia, the status of "lawful permanent resident." In 2022, however, USCIS concluded that Ojaymi "wat not in fact eligible for the adjustment" because Ojaymi allegedly "provided false [or] misleading information to USCIS." (Doc. 1-2 at 4) Because of this conclusion, USCIS issued Ojaymi a notice of intent to rescind his status in accord with 8 C.F.R. § 246.1. (Doc. 1-2 at 2)

Before rescinding a person's status as a lawful permanent resident, 8 C.F.R. § 246.1 requires a USCIS district director to commence a "proceeding" against the person by "personally serving" the person with a "notice of intent to rescind" the status. "Within thirty days from the date of service of the notice," the recipient of the notice may both submit "an answer in writing under oath setting forth the reasons why such rescission shall not be made" and request a hearing before an immigration judge. If the recipient fails either to submit an answer or to request a hearing, the district director "shall rescind the . . . status previously granted, and no appeal shall lie from [the] decision."

According to USCIS, the district director sent Ojaymi the notice of intent to rescind by certified mail.[2] (Doc. 38 at 2) But Ojaymi alleges that he never received the notice. (Doc. 40 at 4–5) Instead, Ojaymi alleges that an unknown third party signed the delivery confirmation. In any event, Ojaymi failed to submit an answer or

---

[2] Under 8 C.F.R. § 103.8, USCIS may "personally serv[e]" a notice, including a notice of intent to rescind, by "[m]ailing a copy [of the notice] by certified or registered mail, return receipt requested, addressed to a person at his last known address."

request a hearing, and on October 31, 2023, USCIS, through Cardinale, rescinded Ojaymi's status as a lawful permanent resident. (Doc. 1-2)

On November 15, 2022, USCIS issued Ojaymi a "notice to appear" (which Ojaymi calls a "removal order") "alleging that Ojaymi is removable from the United States." (Doc. 38 at 2) The same day, ICE agents served Ojaymi with the notice and arrested Ojaymi. (Doc. 1 at 2) According to Ojaymi, the officers arrested Ojaymi "for the purpose of executing" the removal order. On December 12, 2022, an immigration judge released Ojaymi on $10,000 bail. (Doc. 38-3) Ojaymi's removal proceeding pends.

Ojaymi applies (Doc. 5) for a writ of habeas corpus. The application requests, among other relief, an order (1) directing Ojaymi's release and (2) "striking" the "order of removal," that is, the notice to appear. Arguing that this action fails to invoke federal jurisdiction and fails to state a claim, the defendants move (Doc. 38) to dismiss.

The motion to dismiss (Doc. 38) principally argues that 8 U.S.C. § 1252(g) precludes a federal court's exercising jurisdiction over Ojaymi's challenge both to the purportedly unlawful arrest and to the conditions of Ojaymi's release pending a removal proceeding. (Doc. 38 at 8). Even if a claim otherwise invokes federal jurisdiction, Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim," including a habeas claim, "arising from the decision by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." According to *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013), Section

- 3 -

1252(g) precludes federal jurisdiction over any challenge to an ICE agent's conduct "to commence removal proceedings," including an agent's arresting a person after serving the person with an allegedly unlawful notice to appear at a removal proceeding. Because ICE agents arrested Ojaymi after serving a notice to appear at a removal proceeding, the defendants conclude that this action challenges "the decision to commence proceedings" and that consequently Section 1252(g) precludes the action from invoking federal jurisdiction.

In response (Doc. 40 at 8), Ojaymi insists that Section 1252(g) is irrelevant because the action principally challenges the rescission of Ojaymi's status as a lawful permanent resident. Because the rescission is not "a decision to commence proceedings, adjudicate cases, or execute removal orders," Ojaymi insists that Section 1252(g) is irrelevant to this action.

Contrary to Ojaymi's assertion, this habeas application does not "arise from" the rescission of Ojaymi's status as a lawful permanent resident. Because the rescission cannot itself render a person "in custody," the habeas statute, 28 U.S.C. § 2241, offers Ojaymi no avenue to challenge the rescission directly. *See Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1963 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention, but [Thuraissigiam] invokes the writ to achieve an entirely different end, namely, to obtain additional administrative review . . . and ultimately to obtain authorization to stay in this country.").

Unable to challenge the rescission directly, the application predicates federal habeas jurisdiction on Ojaymi's allegedly unlawful arrest and continued custody.[3] (Doc. 5 at 6–7)  As he concedes, however, Ojaymi's arrest was not the direct result of the rescission.  Instead, after the rescission, USCIS determined that Ojaymi "was removable from the United States" and issued Ojaymi a "notice to appear" at a removal proceeding.  (Doc. 38-1)  ICE agents arrested Ojaymi after serving the notice to appear and "for the purpose of" initiating the removal proceeding.  (Doc. 5 at 2) In other words, the arrest constitutes "action[] the agents took to commence removal proceedings."  *Gupta*, 709 F.3d at 1065.  Because Ojaymi's arrest and, consequently, habeas claim result from the initiation of his removal proceeding, Section 1252(g) and *Gupta* prohibit a federal court's exercising jurisdiction over this application.[4]

Because Ojaymi proffers no claim cognizable in a United States district court, this action fails to invoke federal jurisdiction.  Accordingly, the defendants' motion (Doc. 38) to dismiss the action is **GRANTED**, Ojaymi's motion (Doc. 36) for a

---

[3] The parties dispute whether the terms of Ojaymi's release constitute continued custody. (Doc. 38 at 8–9; Doc. 18)  Because Section 1252(g) precludes federal jurisdiction over any claim predicated on Ojaymi's arrest and on the conditions of Ojaymi's release, this order declines to consider whether Ojaymi remains in custody.

[4] In response (Doc. 40 at 8), Ojaymi claims that the application invokes federal jurisdiction despite Section 1252(g) because "there is no evidence that this claim arises from a decision or action by the Attorney General." Instead, Ojaymi insists that the action "arises from" the rescission—"issued by Nieves Cardinale, . . . [a] Field Office Director for USCIS." As discussed, however, the rescission itself cannot support jurisdiction under the habeas statute.  And *Gupta*, 709 F.3d at 1065, concludes that a challenge to a person's arrest in accord with a notice to appear constitutes a challenge to "the 'decision or action' of the Attorney General (usually acting through subordinates) to commence proceedings."  Thus, Ojaymi's response fails to persuade.

scheduling conference is **DENIED AS MOOT**, and the action is **DISMISSED**. The clerk must enter judgment of dismissal and must **CLOSE** the case.

ORDERED in Tampa, Florida, on August 17, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE